UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENE LAMAR WILBURN,<br><br>Petitioner,<br><br>v.<br><br>JEFF MACOMBER,<br><br>Respondent. | No. 2:24-cv-0500 WBS AC P<br><br><br><br>**ORDER** |

Petitioner has filed a motion to stay state court proceedings. ECF No. 23. The entirety of petitioner's motion states:

> Petitioner, Terrence L. Wilburn: request that the UNITED STATES DISTRICT COURT for the EASTERN DISTRICT OF CALIFORNIA stay the proceedings in the State of California Superior Court for the County of California Case No. 21FE009379 and that this Court change petitioner's mailing address to: 2701 K Street, Sacramento, CA 95816."

Id. (spelling corrected).[1] For the following reasons, plaintiff's motion is denied.

"A justice or judge of the United States before whom a habeas corpus proceeding is pending" has authority and discretion to stay state court proceedings. 28 U.S.C. § 2251(a)(1). "Section 2251 does not mandate the entry of a stay, but dedicates the exercise of stay jurisdiction

---

[1] Based on prior filings, it does not appear as though petitioner was seeking a stay and abeyance of this federal case to allow him to return to state court to exhaust his claims. See ECF No. 16 at 12 ("Respondent acknowledges the exhaustion of Petitioner's stated grounds for relief, as interpreted by Respondent herein."); ECF No. 22 at 20 (petitioner noting the same). Accordingly, the court construes petitioner's motion as what it appears to be—a motion to stay state court proceedings in Case No. 21FE009379 before the State of California Superior Court for Sacramento County.

1

1  to the sound discretion of a federal court." McFarland v. Scott, 512 U.S. 849, 858 (1994);
2  Dunham v. Shiff, No. 18-cv-0863 GPC JMA, 2018 WL 5292411, at *2, 2018 U.S. Dist. LEXIS
3  183510, at *5 (S.D. Cal. Oct. 25, 2018) ("Stays under § 2251 are not automatic."); Coleman v.
4  California, No. C 09-5742 MHP (pr)., 2010 WL 695380, at *2, 2010 U.S. Dist. LEXIS 23009, at
5  *3 (N.D. Cal. Feb. 23, 2010) (same).  Several courts have recognized that although § 2251 has
6  primarily been applied in the context of stays of executions of capital defendants, the statute
7  "allows for a stay of *any proceeding*, judicial or otherwise, relating to the subject matter of the
8  habeas corpus petition." Byrd v. Moore, 252 F. Supp. 2d 293, 306 no. 3 (W.D.N.C. Mar. 6,
9  2003) (emphasis added); Coleman v. California, 2010 WL 695380, at 1, 2010 U.S. Dist. LEXIS
10 23009, at *3-4; Kelley v. Escapule, No. CV-14-02130 PHX SPL BSB, 2015 WL 5120974, at *1-
11 2, 2015 U.S. Dist. LEXIS 115513, at 4 (D. Ariz. Feb. 6, 2015), report and recommendation
12 adopted, No. CV-14-02130 PHX SPL, 2015 WL 5093600, 2015 U.S. Dist. LEXIS 115515 (D.
13 Ariz. Aug. 31, 2015).
14        Here, there does not appear to be any pending proceeding before the state court in Case
15 No. 21FE009379 for this court to stay.  A jury found petitioner guilty in Case No. 21FE009379.
16 ECF No. 14-22 at 3.  Petitioner was sentenced to a total of four years. Id. at 4.  Petitioner
17 appealed the state court judgment to the California Court of Appeal, Third Appellate District, and
18 the appeal was designated case number C096581. Id. at 1.  On August 10, 2023, the appellate
19 court affirmed the judgment. Id.  Petitioner did not file for review in the Supreme Court of
20 California.
21        Moreover, even if there was a pending matter in Case No. 21FE009379, petitioner has not
22 explained why he believes state court proceedings should be stayed.  A petitioner seeking a stay
23 under § 2251(a)(1) must demonstrate substantial grounds on which relief might be granted.
24 Vargas v. Lambert, 159 F.3d 1161, 1166 (9th Cir. 1998) (citing Barefoot v. Estelle, 463 U.S. 880,
25 895 (1983)).  To establish substantial grounds, a petitioner "must demonstrate that the issues are
26 debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or
27 that the questions are adequate to deserve encouragement to proceed further." Id. (alteration in
28 original) (quoting Barefoot, 463 U.S. at 893 n.4).

1    Accordingly, IT IS HEREBY ORDERED that petitioner's motion to stay state court
2 proceedings (ECF No. 23) is denied.
3 DATED: January 17, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE